Scott, J.
The defendant in error brought suit, in the court of common pleas of Washington county, to recover back the amount of certain assessments made upon his land and lots, by the plaintiff in error, for the purpose of improving and repairing certain streets in the city of Marietta, upon which said land and lots abutted. The assessments were made by the city council, in accordance with the provisions of the act entitled “ an act to provide for the organization of cities and incorporated villages,” passed May 3,1852, and the acts amendatory thereto; and in accordance with the ordinances, resolutions, and proceedings of said city council, in pursuance of said statute. They were paid by the defendant in error, 472] without suit, *but under protest. The district court, into which the case came by appeal, the intervention of a jury having been waived by the parties, found the facts as above stated, and rendered judgment thereupon against the plaintiff in error for the amount of the assessments so paid, as aforesaid, and interest thereon — • amounting in all to $114.66. In the opinion of that court, “ the said assessments were unconstitutional, illegal, and void.”
The payment, in this case, does not appear to have-been made under duress of person or property, nor to prevent the seizure of either. The 29th section of the act under which the assessment was made authorized its collection 'only by “ a proceeding at law or in equity.” No summary process was allowed to enforce the collection, without first giving the party his day in court. He had his choice, either to pay the claim which the city preferred against him or contest its validity. With full knowledge of all the facts, he chose to purchase his peace by payment.
This payment was, it is true, made under protest; but there was no duress in the case. There was no reason why litigation, if intended, should not precede rather than follow the payment. In the eye of the law, it was, under the circumstances, a voluntary act; and, being done with full knowledge of the facts, it ends the controversy.
This subject was well considered by this court, in Mays v. The *473 City of Cincinnati, 1 Ohio St. 268, in wbicb, after citing many authorities, it is said: “ This unbroken chain of authority seems to warrant the conclusion that a payment of money upon an illegal or unjust demand, when the party is advised of all the facts, can only be considered involuntary, when it is made to procure the release of the person or property of the party from detention, or when the ■other party is armed with apparent authority to seize upon either, and the payment is made to prevent it. *But, where he can [473 only be reached by a proceeding at law, he is bound to make his defense in the first instance.” This doctrine, well sustained as it is by the authorities referred to in that case, we recognize as law. And it is decisive of the case before us.
Leaving untouched the constitutional question presented in the ■case, we hold the defendant in error is not entitled to recover.
Judgment of the district court reversed, and cause remanded.
Bartley, C. J., and Swan and Brinkerhoee, JJ., concurred.
Bowen, J., was absent.